UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-21507-Civ-COOKE/TORRES

BATTERIES "R" US CO., a Florida
corporation,

      Plaintiff,

vs.

FEGA EXPRESS CORP., a Florida
corporation, LOGISTIC NETWORK OF
AMERICA LLC, a Florida corporation,
and LAN CARGO, S.A., a Florida
corporation,

      Defendants.

_____/

## ORDER ON DEFENDANT LAN CARGO, S.A.'s MOTION TO DISMISS

Plaintiff Batteries "R" Us Co. ("Plaintiff" or "Batteries R Us") initiated an action in Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida against Fega Express Corp. ("Fega Express"),[1] Logistic Network of America LLC ("Logistic Network"), and Lan Cargo, S.A. ("Lan Cargo") alleging claims of negligence for loss of its cargo. Defendant Lan Cargo timely removed the case to federal court and filed a Motion to Dismiss (ECF No. 7-1) (originally filed in the state court proceedings), arguing that Plaintiff's claim against Lan Cargo must be dismissed as completely preempted. Plaintiff filed its Response to Lan Cargo, S.A.'s Motion to Dismiss (ECF No. 8), to which Defendant filed its Reply to Plaintiff's Response to Lan's Motion to Dismiss (ECF No. 12). As such, Defendant's Motion to Dismiss is fully briefed and ripe for adjudication. After reviewing Defendant's Motion to Dismiss, the Response and Reply thereto, the record, and relevant legal authorities, Defendant Lan Cargo's Motion to Dismiss is granted.

## I.  BACKGROUND

Plaintiff is engaged in the business of exporting products to South America. Compl.

---

[1] Defendant Fega Express Corp. was voluntarily dismissed from this action on June 23, 2015. *See* Order Dismissing Def. with Prejudice, ECF No. 17.

¶ 2.  Defendant Lan Cargo is "a common carrier of goods for hire."  *Id.* at ¶ 5.  Plaintiff alleges that on December 5, 2014, it suffered a loss in the amount of $238,741.58 when a tractor-trailer filled with goods was stolen from Lan Cargo's facility.  *Id.* at ¶¶ 6-7, 10, 12.

More specifically, Plaintiff alleges it had an agreement with Lan Cargo to ship a container of goods to Brazil.  *Id.* at ¶ 37.  On the date of the alleged theft, Plaintiff alleges that Lan Cargo "accepted the shipment delivered to it in Miami-Dade County, Florida and agreed to warehouse the shipment in its Miami-Dade County warehouse before transporting the shipment … to its final place of destination."  *Id.* at ¶ 38.  According to Plaintiff, Defendant Lan Cargo "accepted the shipment … issued its paperwork transport to Brazil," and thereafter breached its duty of care as warehouseman "by accepting Plaintiff's shipment as evidenced by its intake into its computer system" and subsequently "failing to extend and provide adequate security in its parking lot," thereby facilitating the theft of the goods.  *Id.* at ¶¶ 40-41.

As a result, Plaintiff filed suit against Defendant Lan Cargo, among other defendants, for negligence due to its failure to provide proper lighting and security in the parking lot of its facility.  *See generally* Compl.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In order to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The complaint must "give the defendant fair notice of what the [ ] claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (citations omitted).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.*  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Twombly*, 550 U.S. at 570).

At this stage in the litigation, the Court must consider the factual allegations in the

Complaint as true and accept all reasonable inferences therefrom. *Jackson v. Okaloosa Cnty., Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994). Nevertheless, the Court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

## III.   DISCUSSION

Lan Cargo argues that Plaintiff's negligence action against it must be dismissed as completely preempted by the Montreal Convention. *See generally* Def.'s Mot Dismiss, ECF No. 7. In response, Plaintiff argues that it is unclear at this point whether the Montreal Convention should apply because it is presently unknown whether Lan Cargo was actually in receipt of Plaintiff's goods, and that the Montreal Convention is more appropriately asserted as an affirmative defense and not as a complete bar in this case. Pl.'s Resp. ¶¶ 5, 7.

The Montreal Convention entered into force in the United States on November 4, 2003 and superseded the Warsaw Convention. *See* Convention for the Unification of Certain Rules for International Carriage by Air, art. 55, May 28, 1999, S. Treaty Doc. No. 106–45, 2242 U.N.T. S. 350 (hereafter cited as the "Montreal Convention"); *see also Sompo Japan Ins., Inc. v. Nippon Cargo Airlines Co., Ltd.*, 522 F.3d 776, 780–781 (7th Cir. 2008) ("The new treaty 'unifies and replaces the system of liability that derives from the Warsaw Convention....' ") (quoting *Ehrlich v. Am. Airlines, Inc.*, 360 F.3d 366, 371 n. 4 (2d Cir. 2004)). Because the Montreal Convention only recently came into force, it is appropriate to rely on cases interpreting the Warsaw Convention where the equivalent provision of the Montreal Convention is substantively the same. *See Paradis v. Ghana Airways Ltd.*, 348 F. Supp. 2d 106, 111 (S.D.N.Y. 2004).

For all air transportation to which the Montreal Convention applies, if an action for damages falls within one of the treaty's damage provisions, then the treaty provides the sole cause of action under which a claimant may seek redress for his injuries. *See El Al Isr. Airlines, Ltd. v. Tsui Yuan Tseng*, 525 U.S. 155, 176 (1999) (interpreting the Warsaw Convention); *see also St. Paul Ins. Co. of Illinois v. Venezuelan Int'l Airways, Inc.*, 807 F.2d 1543, 1546 (11th Cir. 1987) ("The Warsaw Convention … is the exclusive remedy against international air carrier for lost or destroyed cargo.). The Montreal Convention applies to

"damage sustained in the event of the destruction or loss of, or damage to, cargo upon condition only that the event which caused the damage so sustained took place during the carriage by air." Montreal Convention, art. 18. "Carriage by air" is defined as the "period during which the cargo is in the charge of the carrier." *Id.* at art. 18(3). Typically, the carriage by air period does not extend to ground transportation of cargo that occurs off the airport premises. However, if ground transportation of cargo occurs "in the performance of a contract for carriage by air, for the purpose of loading, delivery or transshipment," then "damage is presumed, subject to proof to the contrary, to have been the result of an event which took place during the carriage by air." *Id.* at art. 18(4).

Here, Defendant argues that the Montreal Convention clearly applies and bars any suit in negligence against it by Plaintiff because Plaintiff's goods were stolen "during the carriage by air." In response, Plaintiff argues that there is no evidence that Defendant actually issued an air waybill, the official contract for carriage by air that would have indicated that it was officially in possession of Plaintiff's goods, and therefore, the theft did not necessarily occur "during the carriage by air." However, while Plaintiff's Response to Defendant's Motion to Dismiss attempts to cast doubt on whether Defendant was actually in possession of Plaintiff's goods when the goods were stolen, Plaintiff, in its Complaint, clearly alleges that Defendant Lan Cargo had "accepted the shipment delivered to it" and "issued its paperwork transport to Brazil" when its goods were stolen.

It appears as though Plaintiff is caught up in a conundrum of sorts because the very allegations of possession that allow it to assert a claim of negligence over Defendant also allow Defendant to argue that all claims against it relating to the theft of goods from its facility at Miami International Airport are preempted by Article 18 of the Montreal Convention. Taking the allegations in Plaintiff's Complaint as true, it appears as though the loss of Plaintiff's goods occurred "during the carriage by air," thus squarely placing Plaintiff's claims against Defendant Lan Cargo within the ambit of the Montreal Convention. Therefore, Count V of Plaintiff's Complaint against Defendant Lan Cargo is dismissed as completely preempted by the Montreal Convention.

## IV. CONCLUSION

For the reasons explained in this Order, Defendant's Motion to Dismiss (ECF No.

7-1) is **GRANTED**.   Count V of Plaintiff's Complaint (ECF No. 1) is **DISMISSED** *with prejudice*.[2]   Defendant Lan Cargo, S.A. is **DISMISSED** from this action.   All pending motions involving Defendant Lan Cargo, S.A., if any, are **DENIED** *as moot*.

   **DONE and ORDERED** in chambers, at Miami, Florida, this 27th day of July 2015.

*Marcia G. Cooke*

MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of Record*

---

[2] *See Jemison v. Mitchell*, 380 F. App'x 904, 907 (11th Cir. 2010) ("Dismissal with prejudice is proper … if a more carefully drafted complaint could not state a valid claim.").